## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW "REESE" JARETT,<br>1830 East 154th Street<br>Olathe, Kansas 66062 | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No.:     2:24-cv-2151 |
| CITY OF GARNETT, KANSAS<br>SERVE: City Attorney<br>    Garnett City Hall<br>    131 West Fifth Avenue<br>    Garnett, KS 66032 | ) Division |
| And | ) |
| COUNTY OF ANDERSON | ) |
| The Board of County Commissioners<br>of the County of Anderson, Kansas<br>SERVE:<br>100 E. 4th Avenue<br>Garnett, Kansas 66032 | ) |
| And | ) |
| COMMISSIONER LES MCGHEE<br>SERVE:<br>100 E. 4th Avenue<br>Garnett, Kansas 66032 | ) |
| And | ) |
| COMMISSIONER ANTHONY<br>"SPIKE" MERSMAN<br>SERVE:<br>100 E. 4th Avenue<br>Garnett, Kansas 66032 | ) |
| And | ) |
| COMMISSIONER DAVID PRACHT<br>SERVE:<br>100 E. 4th Avenue<br>Garnett, Kansas 66032 | ) |

| | |
|---|---|
| And | ) |
| | ) |
| KURT KING, Police Chief of | ) |
| CITY OF GARNETT Police Department, | ) |
| SERVE: Garnett, Kansas Police Dept. | ) |
|     Garnett City Hall | ) |
|     131 West Fifth Avenue | ) |
|     Garnett, KS 66032 | ) |
| | ) |
| and | ) |
| | ) |
| DEPUTY DAVID HARPER HEAD | ) |
| Serve: | ) |
|     230 West 4th Ave | ) |
|     Garnett, Kansas 66032 | ) |
| | ) |
| and | ) |
| | ) |
| OFFICER MICHAEL BAUMGARDNER | ) |
| Serve: | ) |
|     335 HILLVIEW Drive | ) |
|     Burlington, Kansas 66839 | ) |
| | ) |
| and | ) |
| | ) |
| OFFICER SCOTT POLSTER | ) |
| Serve: | ) |
|     13499 W 1650 Road | ) |
|     Centerville, Kansas 66014 | ) |
| | ) |
| and | ) |
| | ) |
| DEPUTY HAYDEN SEABOLT | ) |
| Serve: | ) |
|     22568 SW 600th Road | ) |
|     Welda, Kansas 66091 | ) |
| | ) |
| and | ) |
| | ) |
| SHERIFF VERNON VALENTINE | ) |
| Serve: | ) |
|     105 S. Hayes Street | ) |
|     Garnett, Kansas 66032 | ) |
| | ) |
|         Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, MATTHEW "REESE" JARETT, by and through counsel of record, and, for his Petition for Damages against Defendants, sets forth, states and avers the following:

### JURISDICTION AND VENUE

1. This action is instituted under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments, and under federal law, particularly the Civil Rights Act of 1871, as amended, including 42 U.S.C. §§ 1983, 1985, and 1988 as well as common law state law claims.

2. The United States District Court for the District of Kansas has subject matter jurisdiction over this action because it presents a federal question within 28 U.S.C. §1331 and presents civil rights claims and invokes supplemental jurisdiction for state law claims within 28 U.S.C. §1367.

3. Venue properly lies in the District of Kansas under 28 U.S.C. §1391(b) in that Defendants reside in the district and a substantial portion of the events giving rise to the action took place in this District.

### DESCRIPTION OF PARTIES

1. The Plaintiff, MATTHEW "REESE"JARETT, (hereinafter known as "Reese") is a resident of Olathe, Kansas, and during all times relevant to the causes of action pleaded herein, the Plaintiff has lived within the State of Kansas.

2. Defendant CITY OF GARNETT, KANSAS (hereinafter referred to as "Defendant Garnett"), is a municipality organized and existing under the laws of Kansas.

3. Defendant COUNTY OF ANDERSON is a political entity organized and existing under the law of Kansas.

4. Defendant COMMISSIONER LES MCGHEE is and was at all times relevant herein a Commissioner of the Board of County Commissioners and is sued in his individual and official capacities. He may be served through the Board of County Commissioners, as outlined above.

5. Defendant COMMISSIONER ANTHONY "SPIKE" MERSMAN is and was at all times relevant herein a Commissioner of the Board of County Commissioners and is sued in his individual and official capacities. He may be served through the Board of County Commissioners, as outlined above.

6. Defendant COMMISSIONER DAVID PRACHT is and was at all times relevant herein a Commissioner of the Board of County Commissioners and is sued in his individual and official capacities. He may be served through the Board of County Commissioners, as outlined above.

7. Defendant SHERRIFF VERNON VALENTINE (hereinafter sometimes referred to as "Defendant SHERRIFF VERNON VALENTINE"), upon information and belief, is an individual who at all times relevant hereto was serving as a sworn officer and Sherriff of Anderson County, Kansas, and was thereby entrusted with the power to enforce the laws of the State of Kansas, and the City of Garnett, Kansas. Defendant SHERRIFF VERNON VALENTINE was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under color or title of state or municipal public law or ordinance. Defendant SHERRIFF VERNON VALENTINE is named herein in both his individual and official capacities, and at all times relevant to the causes of action set forth

hereafter, was acting under the color of state law.  He can be served at 105 S. Hayes Street, Garnett, Kansas 66032.

8. Defendant DAVID HARPER-HEAD is a resident of the State of Kansas and at all times relevant to the facts and circumstances herein was serving as a sworn officer in the Anderson County Sherriff's Department and was thereby entrusted with the power to enforce the laws of the State of Kansas.  Defendant Harper-Head was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under color or title of state or municipal public law or ordinance.  Defendant Harper-Head is named herein in both his individual capacity, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law

9. Defendant MICHAEL BAUMGARDNER is a resident of the State of Kansas and at all times relevant to the facts and circumstances herein was serving as a sworn officer in the CITY OF GARNETT, KANSAS and was thereby entrusted with the power to enforce the laws of the State of Kansas.  Defendant MICAHEL BAUMGARDNER was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under color or title of state or municipal public law or ordinance.  Defendant MICHAEL BAUMGARDNER is named herein in both his individual capacity, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law.

10. Defendant SCOTT POLSTER is a resident of the State of Kansas and at all times relevant to the facts and circumstances herein was serving as a sworn officer in the CITY OF GARNETT POLICE DEPARTMENT, and was thereby entrusted with the power to enforce the laws of the State of Kansas.  Defendant SCOTT POLSTER was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under

color or title of state or municipal public law or ordinance. Defendant SCOTT POLSTER is named herein in both his individual capacity, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law.

11. Defendant HAYDEN SEABOLT is a resident of the State of Kansas and at all times relevant to the facts and circumstances herein was serving as a sworn officer in the Anderson County Sherriff's Department and was thereby entrusted with the power to enforce the laws of the State of Kansas. Defendant HAYDEN SEABOLT was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under color or title of state or municipal public law or ordinance. Defendant HAYDEN SEABOLT is named herein in both his individual capacity, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law.

12. Defendant VERNON VALENTINE is a resident of the State of Kansas and at all times relevant to the facts and circumstances herein was serving as Sheriff of Anderson County and a sworn officer in the Anderson County Sherriff's Department and was thereby entrusted with the power to enforce the laws of the State of Kansas. Defendant VERNON VALENTINE was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under color or title of state or municipal public law or ordinance. Defendant VERNON VALENTINE is named herein in both his individual capacity, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law.

## GENERAL FACTS

13. On the evening of April 16, 2022 into April 17, 2022, Plaintiff and four of his friends were spending the night at 16 Links Drive, Garnett, Kansas 66032, where Josh Martin resided at the time.

14. A few of the young men left the residence and were reported to law enforcement due to using a golf cart on the golf course at Garnett County Country club. They had taken a golf cart and were riding it around.

15. One of the young men started running from officer Michael Baumgardner. Allegedly that individual dropped a beer can. The young man was running toward the home on 16 Links Drive. Subsequently, law enforcement entered the residence with permission from the homeowners.

16. Plaintiff was not participating in the incident at the country club nor was he on the golf cart. He remained inside the residence at 16 Links Drive all evening, and Plaintiff was asleep in the basement when law enforcement arrived.

17. The Anderson County officers and deputies went to the basement where there were five male adults. The report states," Everyone was cooperative with the exception of one male who I would learn is Matthew Reese Jarett."

18. When law enforcement arrived in the basement, Plaintiff was lying on the couch in the basement with his eyes closed. He was asleep.

19. The officers attempted to wake Plaintiff, but he was unresponsive. Officer Baumgardner touched him and told him to get up, but Plaintiff remained asleep.

20. During this interaction, the officers discussed the need to call an ambulance as they were concerned that Plaintiff had alcohol poisoning. EMS was called, but never entered the residence. In fact, the Garnett Police Department notes, "Contact was made and an attempt to get him to respond was made. Concerned about a possible intoxication issue, EMS was summoned for him."

21. That the Garnett Police Department report states, "Deputies Harper-head and Seabolt were still attempting to stir Matthew. He was being given commands throughout.

Case 2:24-cv-02151-HLT-TJJ   Document 1   Filed 04/16/24   Page 8 of 16

Matthew was not responding. At one point, Deputy Harper-head and Deputy Seabolt were attempting to place handcuffs onto Matthew."

22. Instead, the officers and deputies proceeded to use excessive force on Plaintiff including the use of a Taser.

23. The Anderson County Report lists that Plaintiff, "fit the description of the male who had run from officer Baumgardner." The report also notes Plaintiff's eyes were bloodshot and watery and his blood alcohol content was above the legal limit.

24. The officers and deputies listed identifying information for Plaintiff as merely a hooded sweatshirt and shorts. Rather than embarking on a proper investigation, Law enforcement mistakenly identified Plaintiff as the male who had fled from officers on the golf course early in the evening. Notwithstanding the discrepancies between the description of the male on the golf course and Plaintiff, law enforcement tased and arrested Plaintiff. Plaintiff was never on the golf course and was in the basement the entire night.

25. As a result, Plaintiff was unconstitutionally arrested, prosecuted and placed in jail for a crime he did not commit. The gross miscarriage of justice was brought about by egregious misconduct of law enforcement officers.

26. That on the night in question, law enforcement fabricated false statements and actions attributed to Plaintiff, which never occurred. In a manufactured police report, they lied to conceal the fabricated, false nature of this evidence and concealed the true nature of what occurred.

27. That after being tased which awakened him from sleep, Plaintiff JARETT was rendered restrained and impacted, all of which limited Plaintiff's physical freedom of movement, dropping him to the ground and incapacitating him, thereby constituting a "seizure" of his person, under U.S.C.A. Const. Amend 4.

8

28. That Plaintiff was thereafter taken to the emergency room and treated for injuries from the taser, as well as emotional distress and anxiety.

29. That the use of a taser at issue constituted a volitional act on the part of law enforcement in a situation where a young male was asleep, and all other potential suspects were "cooperating."

30. That law enforcement officers from both the Anderson County Sherriff's Department and Garnett Police Department engaged in multiple unconstitutional acts against Plaintiff in a reckless, willful and wanton fashion, including but not limited to the use of a taser and handcuffs in a manner inconsistent with objectively reasonable actions of law enforcement when facing similar situations.

31. Specifically, Defendant HARPER-HEAD has a history of being reprimanded for use of excessive force, particularly regarding a taser.

## MATTHEW "REESE" JARETT  TRAUMA AND LASTING INJURIES

32. Plaintiff JARETT was tased by defendant HARPER HEAD and sustained serious physical and psychological injury requiring medical care and treatment and likely to suffer injury in the future.

## ACTION ON POLICY MAKING OFFICIALS

33. SHERRIFF VERNON VALENTINE and officials of the County of Anderson, Kansas, herein named, have a sufficiently senior role, such that their decisions may fairly be said to represent official policy of the County of Anderson, Kansas.  SHERRIFF VERNON VALENTINE and those same officials of Anderson County, Kansas, chose to condone the use of "less lethal" weapons against Plaintiff, and similarly situated individuals.  SHERRIFF VERNON

9

VALENTINE and the herein named officials of Anderson County, Kansas are the highest authority within the Sheriff's Department and Anderson County, Kansas and have knowledge of both the continuous and indiscriminate use of "less lethal" weapons against individuals and have failed to effectively train law enforcement officers including defendants listed herein as alleged herein and have failed to convey through effective and comprehensive policies, procedures, and directives relating to the permissible deployment of such weapons. Therefore, the decision to use "less lethal" weapons were effectively made by official policymakers and SHERRIFF VERNON VALENTINE.

34. POLICE CHIEF KURT KING of the Garnett, Kansas Police Department and officials of the Garnett, Kansas Police Department, herein named, have a sufficiently senior role, such that their decisions may fairly be said to represent official policy of the City of Garnett, Kansas. POLICE CHIEF KURT KING and those same officials of The City of Garnett, Kansas, chose to condone the use of "less lethal" weapons against Plaintiff, and similarly situated individuals. POLICE CHIEF KURT KING and the herein named officials of the City of Garnett, Kansas are the highest authority within the Police Department and the City of Garnett, Kansas and have knowledge of both the continuous and indiscriminate use of "less lethal" weapons against individuals and have failed to effectively train law enforcement officers including defendants listed herein as alleged herein and have failed to convey through effective and comprehensive policies, procedures, and directives relating to the permissible deployment of such weapons. Therefore, the decision to use "less lethal" weapons were effectively made by official policymakers and POLICE CHIEF KURT KING.

## CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS

35. The Defendants, as set forth herein, violated clearly established constitutional and/or statutory rights of which a reasonable person would have known.

36. That the Fourth and Fourteenth Amendments to the United States Constitution prohibit the denial and/or abridgement of a person's liberty interest without due process of law.

37. That the Fourth and Fourteenth Amendments to the United States Constitution prohibit the use of unreasonable force and the life-changing injuries sustained by Plaintiff.

38. That on April 16 - 17, 2022, it was clearly established that persons, including Plaintiff, were entitled to Constitutional protections to be free from excessive force, even such force as would cause *de minimus* harm. *Chambers v. Pennycock,* 641 F.3d. 898 (8th Cir. 2011).

39. That the force used by Defendants was excessive under the Fourteenth and Fourth Amendments to the United States Constitution, in that the force used by the Defendants was not objectively reasonable in light of the facts and circumstances confronting the Defendants.

40. That totality of circumstances then existing at the time of Defendants' the arrest and placing into custody of Plaintiff was unlawful and without due process and otherwise illegal.

41. That totality of circumstances then existing at the time of Defendants' use of excessive force, including the severity of any alleged crime or offense, any threat posed by the Plaintiff, the safety of the Defendant officer or others, whether Plaintiff was resisting arrest, or attempting to flee, all support the fact that the force used was excessive.

42. That the Plaintiff, nor any other potential suspects did not pose an immediate threat to the safety of the Defendants or other persons.

43. That Plaintiff was not actively resisting arrest or attempting to evade arrest by flight. In fact, he was unresponsive.

44. That the Defendants' conduct and use of force was not objectively reasonable.

45. That prior to the use of excessive force as set forth herein, Defendants had no reason to believe Plaintiff posed a risk of violence or danger to the Defendants or the public at large.

11

46. That with respect to the deprivation of Plaintiff's civil rights, as more fully set forth herein, Defendants acted in concert to commit the unlawful acts of depriving Plaintiff of his civil rights, entering into an agreement to do so, and engaging in overt acts to undertake the deprivation of civil rights all in violation of 42 U.S.C. Sec. 1985.

47. That the actions of the Defendants, as set forth herein, were undertaken with bad faith, and with malice, as they were looking to get into a ruckus that evening, including but not limited to, violent confrontation with the public, as such no official immunity exists as to their tortious conduct as alleged herein.

48. That Defendants engaged in "gratuitous and completely unnecessary acts of violence," in a manner clearly known to be violative of Plaintiff's Fourth Amendment Rights.

49. That the actions of Defendants herein were undertaken in whole or in part under color of state law.

50. That as a direct and proximate result of the violation of Plaintiff's civil rights, as more fully set forth herein, Plaintiff suffered physical injury, economic loss, and other damage.

### COUNT I

### VIOLATION OF RIGHTS GUARANTEED
### UNDER THE KANSAS CONSTITUTION

COMES NOW Plaintiff, by and through counsel of record, and hereby incorporates by reference the allegations set forth in Paragraphs 1 through 50 above, as though the same had been fully set forth at length herein.

51. Defendants failed to properly train, supervise, and train its officers with respect to the Kansas state Constitutional Rights set forth herein.

52. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the State of Kansas.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount in excess of twenty-five thousand dollars ($75,000.00) and for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983

COMES NOW Plaintiff, by and through counsel of record, and hereby incorporates by reference the allegations set forth in Paragraphs 1 through 52 above, as though the same had been fully set forth at length herein.

53. The actions of all Defendants, collectively and individually, deprived the Plaintiff of his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, in the following manners:

   (a)   in the unreasonable use of force or use of excessive force;

   (b)   in the acquiescence of the unreasonable use of force or use of excessive force;

   (c)   in improperly investigating the circumstances surrounding the attack and use of unreasonable and/or excessive force upon the person of Plaintiff MATTHEW JARETT;

   (d)   in recklessly developing, implementing, and carrying out policies, practices, or procedures which permitted the use of excessive force or the use of unreasonable force likely to result in serious bodily injury to the Plaintiff, and persons similarly situated; and

   (e)   in conspiring to cover up the use of excessive force.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount in excess of twenty-five thousand dollars ($75,000.00) and for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

### FALSE IMPRISONMENT AND UNLAWFUL CUSTODY/INCARCERATION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983

COMES NOW Plaintiff, by and through counsel of record, and hereby incorporates by reference the allegations set forth in Paragraphs 1 through 53 above, as though the same had been fully set forth at length herein.

54. The actions of all Defendants, collectively and individually, deprived the Plaintiff of his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, in the following manners:

(a) Lack of probable cause to take Plaintiff into custody thereby depriving him of his liberty and due process rights;

(b) in the acquiescence of the unreasonable use of force or use of excessive force in taking Plaintiff into custody;

(c) in conspiring to cover up the lack of probable cause to make an arrest or to otherwise take Plaintiff into custody.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) and for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees pursuant to 42 U.S.C. 1988, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV

### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHT OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983 AND 42 U.S.C. 1985

COMES NOW Plaintiff, by and through counsel of record, and hereby incorporates by reference the allegations set forth in Paragraphs 1 through 54 above, as though the same had been fully set forth at length herein.

55. The actions of all Defendants, collectively, acting in concert, and individually, deprived the Plaintiff of his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, and 1985 as set forth in the instant Complaint and incorporated herein by reference.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) and for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees pursuant to 42 U.S.C. 1988, and such other relief as the Court deems fair and appropriate under the circumstances.

### ADDITIONAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against each of the Defendants, and award him all relief allowed by law, including but not limited to the following:

A. All appropriate relief at law and in equity.

B. Declaratory relief and other appropriate equitable relief.

C. Economic losses on all claims as allowed by law.

D. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial.

E. Punitive damages on all claims allowed by law and in an amount to be determined at trial.

F. Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law.

G. Pre-and post-judgment interest at the lawful rate.

H. Any other appropriate relief at law and equity that this court deems just and proper.

I. Awarding Plaintiff his costs of suit and his attorney's fees under Title 42 U.S.C. § 1988.

J. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 35 and all other applicable authority granted by rule, statute or Constitutional mandate, Plaintiff hereby demands a jury trial on all issues so triable.

**EDELMAN & THOMPSON, L.L.C.**

By:  */s/ Elizabeth L. Van Erem*
Elizabeth L. Van Erem    MO #68812
4520 Main Street, Suite 500
Kansas City, Missouri 64111
Tel: (816) 561-3400
Fax: (816) 561-1664
evanerem@etkclaw.com

**ATTORNEYS FOR PLAINTIFF**